**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4529-17T3

LENNOX RISDEN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 15, 2019 – Decided November 19, 2019

Before Judges Geiger and Natali.

On appeal from the New Jersey Department of Corrections.

Lennox Risden, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Rachel Simone Frey, Deputy Attorney General, on the brief).

PER CURIAM

Lennox Risden, a New Jersey State Prison inmate, appeals from a final administrative decision of the Department of Corrections (DOC) imposing sanctions against him for committing prohibited act *.011, possession or exhibition of anything related to a security threat group (STG),[1] in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

On February 13, 2018, Senior Correction Officer S. Pazik (SCO Pazik)[2] searched Risden's cell and confiscated several letters later determined to contain STG material. According to Risden, however, he was contemporaneously detained by area supervisor Sergeant Mendoza who advised him that his cell was being searched and "if nothing was found, [he would] be released and moved to a different unit." Risden also alleged that Sergeant Mendoza also stated, "nothing was found and that he's good to go back to [a] a new unit."

---

[1]  N.J.A.C. 10A:3-11.2 defines a STG as:

> a group of inmates possessing common characteristics, interests and goals which serve to distinguish the group or group members from other inmate groups or other inmates and which, as a discrete entity, poses a threat to the safety of the staff, other inmates, the community or causes damage to or destruction of property, or interrupts the safe, secure and orderly operation of the correctional facility(ies).

[2]  The record does not contain SCO Pazik's or Sergeant Mendoza's first names.

A-4529-17T3

The next day, Special Investigations Division Investigator Alixa Lamboy (SID Lamboy), who was experienced with respect to gang identification issues, analyzed the letters that SCO Pazik seized from Risden's cell. In a February 15, 2018 report, SID Lamboy concluded that the letters referenced a STG group, specifically the "Bloods."[3] SID Lamboy stated the letters included multiple references to a faction of the Bloods, to which Risden had been identified as a ranking member. The correspondence also noted various individuals' rank within the Bloods and commented on gang activity.

Risden was charged with a *.011 offense based on the content of the letters and was served with the charges on February 15, 2018. The matter was also referred to a Disciplinary Hearing Officer (DHO) for further action. Risden pled not guilty to the charges, and requested the assistance of a counsel substitute, which the DHO granted.

At the hearing, the DHO considered Risden's written statement that the DOC failed to provide him with a contraband seizure slip, and that the officer who searched his cell failed to write a report memorializing that he seized the

---

[3] "The 'Bloods' is a criminal gang described by the New Jersey State Police as a franchise with numerous smaller gangs taking the 'brand name' of the gang and adopting the gang's symbols, ideology and terminology." State v. Dorsainvil, 435 N.J. Super. 449, 455 n.5 (App. Div. 2014).

A-4529-17T3

letters containing STG contraband, as well as a number of other due process violations. In addition, the DHO noted that Risden maintained he couldn't "say that [the letters] came out of my cell," as he "never got [his] seizure reports."

Risden initially sought confrontation with SCO Pazik, Sergeant Mendoza, and SID Lamboy, but subsequently limited his request for confrontation to SID Lamboy. The DHO noted that during his confrontation with SID Lamboy, Risden "did not ask questions pertaining to evidence being STG Blood." Risden's counsel substitute also asked for leniency at the hearing.

After hearing the testimony and considering all of the evidence, which included Risden's written statement, reports of the evidence seized from Risden's cell prepared by SCO Pazik, his confrontation of SID Lamboy, and SID Lamboy's February 15, 2018 report, the DHO found Risden guilty of the *.011 charge. The DHO granted Risden's request for leniency and sanctioned him to 120 days of administrative segregation, loss of 60 days of commutation time and recreation privileges, a verbal reprimand, and confiscation of the STG contraband. When imposing the sanctions, the DHO noted that Risden had previous *.010 (participating in an activity related to a STG) and *.011 charges and was aware that the DOC prohibited possession of STG material.

A-4529-17T3

Risden administratively appealed the decision and the Assistant Superintendent upheld the DHO's determination. This appeal followed.

Risden primarily argues that he was denied due process under Wolff v. McDonnell, 418 U.S. 539 (1974), and Avant v. Clifford, 67 N.J. 496 (1975), because he was denied confrontation with Sergeant Mendoza and SCO Pazik. The record establishes, however, that Risden received all the process he was due as the DHO permitted Risden the opportunity to call and confront witnesses.

Our standard of review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse the decision of an administrative agency unless it is "arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (2011) (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248–49 (1987) (quoting Wolff v. McDonnell, 418 U.S. at 556). An inmate's more limited procedural rights,

initially set forth in Avant, are codified in a comprehensive set of DOC regulations, N.J.A.C. 10A:4-9.1 to -9.28. The regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. Department of Corrections, 330 N.J. Super. 197, 203 (App. Div. 2000) (citing McDonald v. Pinchak, 139 N.J. 188, 202 (1995)).

Risden's claim that his due process rights were violated because he was prevented from calling witnesses at his hearing is belied by the record. Where an inmate's disciplinary "matter turns on the credibility of the officer[s] or the inmate, the inmate, upon request, is entitled to confrontation and cross-examination of the officer, at least, in the absence of any reasons that justify an exception . . . ." Decker v. N.J. Dep't of Corr., 331 N.J. Super. 353, 359 (App. Div. 2000). An "opportunity for confrontation and cross-examination of the accuser(s) [or] . . . witnesses, if requested shall be provided to the inmate or counsel substitute in such instances where the . . . [h]earing [o]fficer . . . deems it necessary . . ., particularly when serious issues of credibility are involved." N.J.A.C. 10A:4-9.14(a) (emphasis supplied); see also Avant, 67 N.J. at 529–30. Where a hearing officer denies a request by an inmate or counsel substitute to call or cross-examine a witness, "the reasons for the denial shall be specifically

6

set forth" on a designated disciplinary report form. N.J.A.C. 10A:4-9.14(f). The required records provide "prima facie evidence which will enable reviewing authorities . . . and, if necessary, the courts, to determine whether or not there has been a proper exercise of discretion." Avant, 67 N.J. at 532.

Here, although it appears that Risden sought confrontation with Sergeant Mendoza and SCO Pazik in addition to SID Lamboy at an earlier point in the proceedings, the adjudication report completed by the DHO and other evidence from the record, clearly establishes that he subsequently sought confrontation only from SID Lamboy. Indeed, the adjudication report, which was signed by Risden's counsel substitute, confirms that he declined the opportunity to call or confront Sergeant Mendoza and SCO Pazik. Specifically, on line 14 of the adjudication report, the DHO noted that Risden declined to identify witnesses he "ask[ed] to be called[,] including those requested through the investigator." Further, on line 15 of the adjudication report, which required the DHO to "[l]ist [the] adverse witnesses the inmate requests to confront/cross-examine including those requested through the investigator," Risden explicitly acknowledged that he sought confrontation only of SID Lamboy. In this regard, Risden's counsel substitute executed line 16 of the adjudication report and by doing so confirmed that the information on lines 1 through 15 were accurate and memorialized what

A-4529-17T3

occurred at the hearing.  Risden neither objected generally to the conduct of the hearing to articulate his disagreement with the statements in lines 14-16 of the adjudication report, nor specifically to protest that his confrontation was improperly limited to SID Lamboy.  In addition to the adjudication report, neither Risden nor his counsel substitute, submitted proposed confrontation questions for Sergeant Mendoza or SCO Pazik to the DHO for consideration as required, as he did with respect to SID Lamboy.  See N.J.A.C. 10A:4-9.14(c).

Further, based on our review of the record, Risden failed to establish that the proposed confrontation of SCO Pazik or Sergeant Mendoza involved such serious credibility issues that would have warranted confrontation in any event as his determination of guilt did not turn on "the credibility of the officer[s] or the inmate . . . ."  Decker, 331 N.J. Super. at 359 (App. Div. 2000); N.J.A.C. 10A:4-9.1(a); see also Ramirez v. Department of Corrections, 382 N.J. Super. 18, 23-24 (App. Div. 2005) (the phrase "serious issues of credibility" in the context of a request for a polygraph under N.J.A.C. 10A:3-7.1(a)(2), includes "inconsistencies in the [officers'] statements or some other extrinsic evidence involving credibility").

Indeed, based on the adjudication report, Risden's guilt was established by SID Lamboy's February 15, 2018 report and testimony confirming that the

letters contained STG material. The seizure of the letters from Risden's cell was supported by the contemporaneous seizure records prepared by SCO Pazik. Other than objecting to the DOC's failure to provide copies of those reports prior to the hearing, Risden provided no extrinsic evidence to challenge the veracity of SCO Pazik's reports. Rather, he offered only his equivocal statement to the DHO that he could not "say that [the letters] came out of [his] cell . . . [as] . . . [he] never got [the] seizure reports," and that Sergeant Mendoza stated "nothing was found" in his cell, a statement allegedly made before SID Lamboy had even completed her February 15, 2018 report. Risden, however, never disputed in his written statement to the DHO, at the hearing, in his administrative appeal or before us, that the letters were all addressed to him and he received them. Under these circumstances, we cannot conclude that the serious issues of credibility existed in the record which would have warranted confrontation of either officer.

Risden's remaining due process arguments, including his claim that the DHO incorrectly indicated on the adjudication report that she did not consider confidential information, and that the DHO's decision was not supported by substantial credible evidence in the record, lack sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(1)(D) and (E). SID Lamboy's report was clearly identified at the hearing as relied upon by the DHO and

A-4529-17T3

Risden was given an opportunity to challenge SID Lamboy's conclusions during confrontation. In these circumstances, the DHO's failure to mark the material as confidential was harmless. The final decision was amply supported by the evidence at the hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4529-17T3